GEORGE KNOWLES, as Administrator of the Estate of CHARLES E. KNOWLES, Deceased, Appellant, *v.* NEW YORK, NEW HAVEN AND HARTFORD RAILROAD COMPANY, Respondent.

**Master and servant — railroads — interstate commerce — action for death of employee killed when walking to his work through yard of railroad by which he was employed — employee held to have been performing duty connected with interstate commerce.**

Plaintiff's intestate, who was employed by the defendant railroad company as one of a crew of a switch engine used for moving freight cars to and from a division of a railroad yard used exclusively for interstate trains, was run down and killed by an engine while crossing the railroad yard of the defendant on the way to his work. *Held,* that in walking through his employer's yard to reach his place of work, a few minutes before the time for beginning work, the deceased was

33

performing a duty required of him, a necessary incident of his work, and, hence, when he was killed he was performing duties connected with the interstate commerce in which defendant was engaged. (*Erie Railroad Co.* v. *Winfield*, 244 U. S. 170, followed..)

. *Knowles* v. *N. Y., N. H. & H. R. R. Co.*, 177 App. Div. 262, reversed.

(Argued May 17, 1918; decided May 28, 1918.)

APPEAL from a judgment, entered April 9, 1917, upon an order of the Appellate Division of the Supreme Court in the second judicial department, reversing a judgment in favor of plaintiff entered upon a verdict and directing a dismissal of the complaint.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Edgar T. Brackett, Thomas J. O'Neill* and *Leonard F. Fish* for appellant. The evidence conclusively establishes that the switch locomotive to which the intestate was going and on which he regularly worked, was used at the very outset of the shift in an interstate commerce movement, and was exclusively used in interstate commerce movements during the entire shift on the night in question, and was used exclusively at all times in work connected with interstate commerce. (*Becker* v. *Koch*, 104 N. Y. 345; *St. P. R. R. Co.* v. *Maerkle*, 198 Fed. Rep. 1; *Roush* v. *R. R.*, 243 Fed. Rep. 712; *E. R. R. Co.* v. *Winfield*, 244 U. S. 170.) Plaintiff's intestate was employed in interstate commerce when he was killed. (*St. L. R. R. Co.* v. *Seale*, 229 U. S. 156; *N. C. R. R. Co.* v. *Zachary*, 232 U. S. 248; *Erie R. R. Co.* v. *Winfield*, 244 U. S. 170.)

*E. R. Brumley* and *Charles M. Sheafe, Jr.*, for respondent. The complaint should be dismissed, for the plaintiff failed to prove that the decedent and defendant were both engaged in interstate commerce at the time of the accident. (*Erie R. R. Co.* v. *Welsh*, 242 U. S. 303;

*McBain* v. *N. P. Ry. Co.*, 160 Pac. Rep. 654; *I. C. R. R. Co.* v. *Behrens*, 233 U. S. 473; *Winters* v. *M. & St. L. R. R. Co.*, 242 U. S. 353; *Bumstead* v. *M. P. Ry. Co.*, 162 Pac. Rep. 347.)

ANDREWS, J.   The Appellate Division has reversed a judgment in favor of the plaintiff and dismissed the complaint on the ground that the evidence would not justify a finding that one Charles E. Knowles and his master, the defendant, were engaged in interstate commerce at the time of the death of the former.   We cannot reach the same result.

Knowles was employed in the freight yards of the defendant at New Haven, Connecticut.   He was one of a crew of a switch engine used in making up trains that ran from and breaking up trains that ran into what was known as the " canal division " of these yards. This division was used exclusively for interstate trains, although some of such trains carried intrastate cars as well, which were moved by the engine when taken from or added to the trains.   Knowles' work began at midnight.   He was killed some eight minutes before that hour.   He had entered the yard and was on his way to report and obtain his working clothes from a shanty where they were kept when he was run down by an engine.

There can be no doubt that the engine on which Knowles was employed was engaged in interstate commerce.   (*N. Y. C. & H. R. R. R. Co.* v. *Carr*, 238 U. S. 260.)   But can it be said that Knowles was so engaged while on his way to take his place in such commerce? In answering this question in the negative the Appellate Division has relied upon *Erie Railroad Co.* v. *Welsh* (242 U. S. 303, 306).   A yard conductor was engaged in a series of separate tasks, some relating to interstate and some to intrastate commerce.   After finishing one con-

nected with an interstate car and while seeking new orders he was injured. Although his new orders, had he received them, would have required him to again engage in interstate commerce, the Supreme Court held that at the time of the injury he was not so engaged. " The true test is the nature of the work being done at the time of the injury, and the mere expectation that plaintiff would presently be called upon to perform a task in interstate commerce is not sufficient to bring the case within the act." Had the switch engine upon which Knowles worked been engaged, now in interstate, now in intrastate commerce, and had he been injured after finishing one job and before beginning another, this case would be in point.

The real question here, however, is not that of a servant passing from hour to hour from one class of employment to another, but of a servant, upon his master's property, on his way to presently perform duties connected with interstate commerce. While the test is the nature of the work done at the time of the injury, the Supreme Court had held (*North Carolina R. R. Co.* v. *Zachary*, 232 U. S. 248) that this rule is not to be construed so narrowly as to require the servant to be actually engaged in work connected with interstate commerce at the precise moment when the accident occurs. If that is his general employment, his temporary absence while still on his employer's premises, not inconsistent with his duties, is immaterial. A later case (*Erie Railroad Co.* v. *Winfield*, 244 U. S. 170, 173) is, however, decisive in principle of the question before us. A servant having finished his work and in leaving the railroad yards was killed. It was held that he had been employed in interstate commerce, and the court said: " In leaving the carrier's yard at the close of his day's work the deceased was but discharging a duty of his employment. Like his trip through the yard to his engine in the morn-

ing, it was a necessary incident of his day's work and partook of the character of that work as a whole."

So, in walking through his employer's yards to reach his place of work with that purpose solely in view, and with the time when that work must begin closely approaching, he is performing a duty which his master requires of him, a necessary incident to his work, and when killed under such circumstances it would be a narrow construction to hold that in the language of the federal statute he is not then " employed by such carrier in such commerce."

We are, therefore, of the opinion that the judgment of the Appellate Division should be reversed and that of the Trial Term reinstated, with costs in the Appellate Division and in this court.

CARDOZO, POUND, MCLAUGHLIN and CRANE, JJ., concur; CUDDEBACK, J., dissenting; HISCOCK, Ch. J., not sitting.

Judgment reversed, etc.