[S. F. No. 8928.   In Bank.—February 4, 1919.]

SOUTHERN PACIFIC COMPANY, Petitioner, v. INDUSTRIAL ACCIDENT COMMISSION OF THE STATE OF CALIFORNIA et al., Respondents.

COMMON CARRIER—INTRASTATE AND INTERSTATE COMMERCE—INJURY TO EMPLOYEE—TEST OF EMPLOYMENT.—The test of whether an employee of a common carrier of both intrastate and interstate commerce was engaged in interstate commerce when injured is the nature of the work he was doing at the time.

ID.—INJURY TO BRAKEMAN—FLAGGING INTERSTATE TRAIN—INDUSTRIAL ACCIDENT COMMISSION—LACK OF JURISDICTION OF.—Where a part of the duty of a brakeman on a construction train of a railroad company engaged in both intrastate and interstate commerce was, when directed by the conductor, to flag approaching trains to prevent collisions, injuries received by him in attempting to alight from the construction train, under order of his superior, for the purpose of flagging a freight train of the company carrying inter-

state shipments, were sustained in the performance of an act directly relating to interstate commerce for which the Industrial Accident Commission of the state of California is without jurisdiction to award compensation.

PROCEEDING in Certiorari originally instituted in the Supreme Court to review an award of the Industrial Accident Commission of the State of California.   Award annulled.

The facts are stated in the opinion of the court.

Henley C. Booth, for Petitioner.

Christopher M. Bradley and Henry Heidelberg, for Respondents.

VICTOR E. SHAW, J., *pro tem.*—In this proceeding petitioner, by writ of review, seeks to have an award made of compensation for injuries to Ralph R. Rouse by the Industrial Accident Commission annulled and set aside.

It appears from the undisputed facts that petitioner, as a common carrier of both intrastate and interstate commerce, was at the time of the accident engaged in the operation of a steam railroad extending from points outside of the state to and across the same, a branch of which railroad, as a part thereof, and so operated, extended from Davis to Oroville, in California; that on this branch line there was a trestle which it was necessary to keep in repair so that both interstate and intrastate commerce which petitioner was engaged in transporting could be moved; that on January 25, 1918, said trestle was in a condition which rendered the repair thereof necessary, and for such purpose a construction train, consisting of a self-propelled pile-driver pushing a flat-car in front and pulling one in the rear, was proceeding over said branch road to said trestle; that at said time Rouse, whose duty as brakeman, among other things, was to flag approaching trains so as to prevent collisions with the work train, was riding on the front flat-car; that the conductor of said construction train was operating it under orders received at Knight's Landing to proceed eastward to the trestle, but to protect against a regular freight train numbered 232, moving in the same direction, which train was in fact carrying interstate shipments of goods; that thereupon the conductor directed Rouse to drop

off at or near the west end of the trestle and protect against train No. 232, which meant for the brakeman to take a position at a point distant from the construction train sufficient to enable him to give signals calculated to prevent an approaching train from colliding with the former; "that the giving of said signals is required in the interest of safe and proper operation of traffic, and is necessary to guard against the danger of collision between trains, their consequent derailment, and also injury to life and property and delay and interference with the commerce being carried on over the railroad line where such signals are given and in the trains so flagged"; that when the construction train had reached the point where Rouse was told to drop off and flag No. 232, he, in attempting to alight from the flat-car for the purpose of signaling said train No. 232, missed his footing, fell, and received the injuries for which the award was made; that Rouse was on duty and under pay as a freight brakeman at the time he was injured, and was under the immediate direction and supervision of the conductor of said train, who received said order as aforesaid and transmitted it to Rouse, who, in the performance of such duty as instructed by the conductor, was injured after starting to alight from the flat-car to flag the approaching train No. 232, in the performance of the duty so enjoined.

Upon these facts the commission made a finding to the effect that at the time he sustained the injury Rouse was not engaged in the performance of a duty for his employer as a carrier of interstate commerce. If he was so engaged, then it must be conceded the commission was without jurisdiction to make an award; hence petitioner's sole contention is that this finding is unwarranted by the admitted facts. We agree with respondent that the test of whether Rouse was engaged in interstate commerce when injured is "the nature of the work he was doing at the time." (*Erie R. R. Co.* v. *Welsh,* 242 U. S. 303, [61 L. Ed. 319, 37 Sup. Ct. Rep. 116]; *Chicago, B. & Q. R. Co.* v. *Harrington,* 241 U. S. 177, [60 L. Ed. 941, 36 Sup. Ct. Rep. 517, see, also, Rose's U. S. Notes]; *Southern Pac. Co.* v. *Industrial Acc. Com.,* 174 Cal. 8, [L. R. A. 1917E, 262, 161 Pac. 1139].) According to the uncontradicted evidence, a part of Rouse's duty as brakeman on the pile-driving train was, when directed by his superior, to flag approaching trains, and among the trains which he was directed to flag was train No. 232, carrying interstate commerce, which was known

to Rouse as a regular train due to approach at about the time when he was injured. His duties related to both intrastate and interstate traffic, and his injury was sustained at the time and while engaged in the act of leaving the flat-car of the construction train for the purpose of flagging the interstate train. Other than for the purpose of stopping this interstate train, he would, so far as appears, have remained upon the car on which he was riding. It thus seems clear that when injured Rouse was engaged in the performance of an act which had direct relation to a train carrying interstate commerce; and, conceding that the stopping of the approaching interstate train had for its object the protection also of the intrastate train, the latter fact is immaterial in the determination of the question. (*Erie R. R. Co.* v. *Winfield,* 244 U. S. 170, [Ann. Cas. 1918C, 662, 61 L. Ed. 1057, 37 Sup. Ct. Rep. 556] ; *Southern Pacific Co.* v. *Industrial Acc. Com., supra.*) Moreover, in the case last cited this court said: "It is settled by the decisions of the United States supreme court, the ultimate authority on such a question as the one before us, that a railroad track used indiscriminately by a carrier in both its interstate and intrastate commerce is an instrumentality of interstate commerce, and that notwithstanding its double use, those engaged in its repair or in keeping it in suitable condition for use are, while so engaged, employed in interstate commerce. Such work, it is said, 'is so closely related to such commerce as to be in practice and in legal contemplation a part of it.' (Citations.) So there can be no question as to the character of the work where an employee is engaged in direct work upon an instrumentality in actual use for purposes of interstate commerce, such as actually repairing the railroad track or doing thereon any work designed to keep it in suitable condition for use." While Rouse's chief employment was in the performance of duties in connection with the construction train operated in the work of repairing the trestle upon the branch line constituting a part of petitioner's railroad system, it was stipulated that such branch-line road was used by petitioner as such common carrier indiscriminately in both interstate and intrastate commerce; "that . . . said defendant company maintained as an essential and necessary part of said line . . . a wooden trestle over which said branch line ran, and which trestle it was necessary from time to time to repair and keep in usable condition so that the interstate and

intrastate commerce carried on indiscriminately on said branch line as aforesaid might be moved by rail.'' And further stipulated that on the day when the injury occurred said work train upon which Rouse was employed was, for the purpose of repairing said trestle, proceeding toward the same. Under this stipulation and applying the principle announced in the case from which we have quoted, we are constrained to hold that, conceding Rouse was injured while in the performance of his duties upon the train used in repairing the trestle, he was engaged in the performance of a duty ''so closely related to such interstate commerce as to be in practice and in legal contemplation a part of it.''

The award is annulled.

Lennon, J., Wilbur, J., Melvin, J., Richards, J., *pro tem.*, and Angellotti, C. J., concurred.