FREDERICK HERZOG, APPELLANT, v. WALKER D. HINES,
DIRECTOR GENERAL, ETC., RESPONDENT.

Argued June 23, 1920—Decided November 15, 1920.

An employe of a common carrier who is injured while at work in re-
pairing rolling stock of the carrier, and which is out of use for
the purpose of having the repairs made, is not injured "while
engaged in interstate commerce," and, consequently, is not en-
titled to the remedy afforded by the Federal Employers' Lia-
bility act.

On appeal from the Supreme Court.

For the appellant, *Merritt Lane.*

For the respondent, *Wall, Haight, Carey & Harlpence.*

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE.   This action is based upon the
Federal Employers' Liability act, 8 *Fed. Stat.* (*2d ed.*) 1208.
It was brought to recover compensation for injuries received
by the plaintiff, who was employed as a car repairer by the
defendant in the New Durham yards of the West Shore Rail-
way Company.   This yard was used for the making up of
freight trains, both interstate and intrastate, for the storage
of cars, and also for the repair thereof.   Tracks 25 and 27
were known as deadhead tracks, and were used for the storage
of freight cars which required repair.   These cars, when in
service, were used indiscriminately in interstate and intra-
state commerce.   On the day of the accident the plaintiff was
engaged in repairing a freight car which had been placed
upon track 27.   He was called away from his work by the
assistant foreman, his immediate superior, to look at a car on
track 21, which had just been repaired.   After some conversa-
tion with the assistant foreman relating to this car he started
to go back to resume his work of repair on the car standing

on track 27. He crossed over several tracks, which were empty, and when he reached track 25 he undertook to cross it by crawling under one of several cars which was standing thereon. While doing this the car was moved slightly by a yard engine, and the plaintiff was so close to the rear trucks that he was run over and severely injured. This, in brief, was the case made when the plaintiff rested. The defendant thereupon moved to nonsuit, principally upon the ground that the proofs showed affirmatively that plaintiff was not engaged in interstate commerce at the time of the happening of the accident. The trial court took this view and granted the motion. The plaintiff appeals.

The judgment of nonsuit was properly ordered, the ruling of the trial judge being in accord with the late decisions of the United States Supreme Court.

In *Erie Railroad Co.* v. *Welsh,* 242 *U. S.* 303, the true test to be applied in determining whether or not a given case was within the federal statute was declared to be the nature of the work being done at the time of the injury; and it was held that the fact that the plaintiff, who was a yard conductor in the company's employ, had shortly before the accident been engaged in superintending the shifting of an interstate car, and that he was returning to the yardmaster's office, after he had completed this task, for instructions as to what work he should next engage in, when the accident occurred, and the further fact that, had he reached the yardmaster's office safely, he would then have been directed to assist in making up an interstate train, were not sufficient to bring the case within the act.

Although the facts of the cited case are quite unlike those which are presented in that now before us, the test laid down is applicable—that is, was the work being done by the plaintiff at the time of the injury a task in interstate commerce? We think it plain that it was not. The repair work was being done to an instrument of commerce, it is true, but at that time the car was entirely out of commission, and was not being used for any purpose whatever. In this respect the case

radically differs from that of *Pederson* v. *Delaware, Lackawanna and Western Railroad Co.*, 229 *U. S.* 146, where the repair was being made upon an instrument of interstate commerce *then in use* in such transportation.

There are other and later decisions of the federal tribunal where the test declared in the Welsh case was applied in cases quite similar in their facts to that now before us. In *Minneapolis, &c., Railroad Co.* v. *Winters*, 242 *U. S.* 353, the injury occurred while the plaintiff was repairing a locomotive engine. The engine had been used in interstate commerce before the accident happened, and was so used afterward. There was nothing, however, to show that it was permanently devoted to such commerce. It was held that the facts did not present a case within the federal act, the court saying: "It is not like the matter of repairs upon a road permanently devoted to commerce among the states. An engine, as such, is not permanently devoted to any kind of traffic, and it does not appear that this engine was destined especially to anything more definite than such business as it might be needed for. It was not interrupted in an interstate haul to be repaired and go on. It simply had finished some interstate business and had not yet begun upon any other. Its next work, so far as appears, might be interstate or confined to Iowa, as it should happen. At the moment it was not engaged in either. Its character as an instrument of commerce depended on its employment at the time, not upon remote probabilities or upon accidental later events." In *Baltimore and Ohio Railroad Co.* v. *Branson*, 242 *Id.* 623, the plaintiff was injured while engaged in painting an engine in the defendant company's round house, the work which he was doing being that for which he was employed. It was held that the case was not within the statute. So, too, in the case of *Chicago, &c., Railroad Co.* v. *Kindlesparker*, 246 *Id.* 657, the court again applied the test declared in the Welsh case, holding that a plaintiff who was injured while repairing an engine which, when in use, was devoted indiscriminately to the movement of interstate and intrastate traffic, was not engaged at

the time of the accident in interstate commerce, within the meaning of the federal statute.

These cases are controlling upon state tribunals. The three just above cited, as we read them, establish the principle that an employe of a common carrier who is injured while at work in repairing rolling stock of the carrier, and which is out of use for the purpose of having the repairs made, is not injured "while engaged in interstate commerce," and, consequently, is not entitled to the remedy afforded by the Federal Employers' Liability act.

The judgment under review will be affirmed.

*For affirmance*—THE CHIEF JUSTICE, SWAYZE, TRENCHARD, PARKER, BERGEN, MINTURN, KALISCH, BLACK, KATZENBACH, WHITE, HEPPENHEIMER, WILLIAMS, TAYLOR, ACKERSON, JJ. 14.

*For reversal*—None.