Gordon A. Ramsay, Administrator of the Estate of Gust Kosivos, Deceased, Defendant in Error, v. Baltimore & Ohio Railroad Company, Plaintiff in Error.

## Gen. No. 25,902.

COMMERCE—*when oiler returning home on hand car not engaged in interstate.* Though the work of oiling cars in which plaintiff was engaged was a part of interstate commerce, he was not engaged in such commerce after his day's work was ended and he was returning home upon a hand car belonging to the railroad company, but the use of which for the purpose was entirely optional on the part of plaintiff and his fellow employees, and an action for injuries received in a collision between the hand car and one of defendant's engines could not be maintained under the Federal Employers' Liability Act.

Error to the Circuit Court of Cook county; the Hon. FRANK JOHNSTON, JR., Judge, presiding. Heard in the Branch Appellate Court at the March term, 1920. Reversed. Opinion filed June 24, 1921.

JAMES M. SHEEAN and CHARLES D. CLARK, for plaintiff in error.

DAVID K. TONE and FRANK A. ROCKHOLD, for defendant in error.

MR. PRESIDING JUSTICE BARNES delivered the opinion of the court.

The judgment, which this writ brings for review, was rendered against the Baltimore & Ohio Railroad Company, plaintiff in error, in an action to recover damages under the Federal Employers' Liability Act, on account of the death of one Kosivos, an employee of said company.

The decisive question the record presents, in our view of the case, is whether at the time of the accident causing his death, said Kosivos was engaged in interstate commerce. His employment was that of oiling cars in a railroad yard near 104th street, Chicago, at the State line between Illinois and Indiana. After the cars were oiled in the part of the yard in Illinois they were switched across the line into the part in Indiana, where they were put into trains for points in the eastern states. His last work on the day in question was in such service. He and other fellow employees were accustomed most of the time to ride to and from said yard in a hand car belonging to the company, taking it in the morning at the company's roundhouse at 87th street, near where they lived, and returning there from the yard after quitting the day's work. On the occasion in question, Kosivos and other members of his working crew, including its foreman, were returning to their homes after the day's work, on the hand car to 87th street, when it collided with one

of said company's trains, under circumstances unnecessary to detail, if deceased was not actually "engaged in interstate business, or in an act which is so directly and immediately connected with such business as to substantially form a part or a necessary incident thereto," which is determined in each case from the facts peculiar to it. (*New York Cent. & H. River R. Co. v. Carr*, 238 U. S. 263, 9 N. C. C. A. 1.)

As said in *Shanks v. Delaware, L. & W. R. Co.*, 239 U. S. 556, the test of employment in interstate commerce is, "was the employee at the time of the injury engaged in interstate transportation or in work so closely related to it as to be practically a part of it?" In applying such test it may be conceded, as claimed by defendant in error, that the hand car was at times used as an instrumentality of such commerce and owned by said Company, and that the "last" work or act of deceased before leaving the yard for his home was connected with interstate commerce But these facts taken together or separately do not form a sufficient basis for application of the test. And this seems to have been recognized by defendant in error from the fact that he deemed it essential to plead that defendant not only "furnished" the hand car, as stated in one count, and "operated" it, as stated in the other, for the purpose of so carrying such employees, but "ordered" and "directed" said Kosivos and employees to "use and operate," or "to get on," said hand car. Issue was taken on these allegations, and there was absolutely no proof to support them. On the contrary, the evidence was undisputed that is was purely optional with Kosivos and such employees whether they or any of them should use the hand car in going to or returning from their work. It was not controverted that it was there for their convenience if they desired to use it, and that they were not obligated or directed to use it. They might get home more conveniently and save car fare by using it, but it was their voluntary act if they did use it.

It appeared that their foreman also lived near 87th street, and kept the key to the car and usually accompanied them and acted as "lookout" to avoid danger while Kosivos or others did the pumping, and that when the foreman did not accompany them he usually designated one of the others to act as "lookout," and that another employee so acted on the occasion in question. But these facts had no legitimate tendency to show that on such occasion the car was operated by direction or authorization of the company. Even if such use was with knowledge or consent of any of its authorized agents, yet without further evidence it would be construed as a mere privilege or license to use such method of going to and from their place of employment, and not as a part of their employment or service, which did not begin until after they arrived at the yard nor continue after they left it. In the "practical sense" in which the term "interstate commerce" is declared to be used in said act *(Shanks* case, *supra)*, such use of the car cannot be said to have been related to and a practical part of interstate commerce or transportation, nor to have become so simply because the last act of Kosivos or his fellow employees during their hours of service was connected therewith. As said in *Erie R. Co. v. Welsh,* 242 U. S. 303:

"By the terms of the Employers' Liability Act, the true test is the nature of the work being done *at the time of the injury,* and the mere expectation that plaintiff would presently be called upon to perform a task in interstate commerce is not sufficient to bring the case within the act."

Upon the same line of reasoning, it is not sufficient to bring the case within the act that the last service rendered by deceased before quitting work and leaving for his home was in interstate commerce. It had no practical relation to what he was doing when injured.

This test was applied under similar conditions in

*Pryor v. Bishop,* 234 Fed. 9. There a railroad brakeman came into Chicago to the terminus of his run and was then relieved from duty. From there he had to go to another point to take his outgoing trip. His method of going between the two points was optional. If he chose, and he so elected on that occasion, he could remain in a caboose of a transfer train that moved between the two points. In the transfer he was killed. Even though his trips were connected with interstate commerce, the District Court held, and the decision was later affirmed by the Court of Appeals (January, 1920), that he was not, under such circumstances, engaged in interstate commerce at the time of his injury. As this holding is in harmony with all the later decisions of the federal courts touching this subject, a review of them is unnecessary.

Accordingly as the evidence had no legitimate tendency to show that the deceased was engaged in interstate commerce at the time of the injury resulting in his death, an essential element of the cause of action, there could be no recovery upon it under said act, and, therefore, the court should have directed a verdict for the company, as requested by it. The judgment will accordingly be reversed as a matter of law.

*Reversed.*

Gridley and Matchett, JJ., concur.