## CENTRAL OF GEORGIA RY. CO. v. DAVIS.

(Circuit Court of Appeals, Fifth Circuit. June 8, 1925. Rehearing Denied August 14, 1925.)

No. 4533.

**1. Master and servant $\Leftarrow$113(1) — Railroad held negligent in permitting mail crane near track.**

Railroad *held* chargeable with negligence in permitting a mail crane to be unnecessarily near the track, where it was about 4 feet high and but 3 or 4 inches from the outside of a passing coach.

**2. Master and servant $\Leftarrow$217(2)—Doctrine of assumption of risk stated.**

To charge an employee with assumption of a risk attributable to a defect due to employer's negligence it must appear, not only that he knew (or is presumed to have known) of the defect, but that he knew that it endangered his safety, or else such danger must have been so obvious that an ordinarily prudent person under the circumstances would have appreciated it.

**3. Master and servant $\Leftarrow$288(5) — Railroad flagman's knowledge of danger from mail crane held for jury.**

In action, under Federal Employers' Liability Act (Comp. St. §§ 8657–8665), for death of railroad flagman, who, while leaning from passenger coach, was struck by mail crane platform, whether he knew of location of platform and danger therefrom to trainmen on passing trains *held* for jury.

In Error to the District Court of the United States for the Northern District of Alabama; William I. Grubb, Judge.

Action by Lillie Mae Davis, as administratrix, against the Central of Georgia Railway Company. Judgment for plaintiff, and defendant brings error. Affirmed.

W. H. Sadler, Jr., of Birmingham, Ala., (Nesbit & Sadler, of Birmingham, Ala., on the brief), for plaintiff in error.

Fred Fite, of Birmingham, Ala., for defendant in error.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

WALKER, Circuit Judge. This was an action under the federal Employers' Liability Act (Comp. St. §§ 8657–8665) to recover damages for the death of Jack Davis, who at the time of his death was employed as a flagman on a passenger train of the plaintiff in error, which was proceeding from Columbus, Ga., to Birmingham, Ala. Davis was killed as a result of his person coming in contact with a mail crane platform at Arkwright, a station on plaintiff in error's railway. The case went to the jury on one count of the complaint, which alleged that the employer negligently caused or allowed said mail crane platform to come in contact with said deceased, and to which the employer pleaded the general issue in short by consent, with leave to give in evidence any matter which, if well pleaded, would be admissible in defense of the action. An exception was reserved to the court's refusal to give a requested charge to the effect that, if the jury believe the evidence, they must find for the defendant.

Evidence adduced was to the following effect: At the time of his death Davis had been a flagman on the same train for several months, and had passed Arkwright in the daytime each day during that time. At Arkwright the employer's tracks, running north and south, cross the tracks of another railway company. The stopping place for discharging passengers from the train going north was south of the crossing, and passengers alighted on the east side of the employer's track. Pursuant to his duty Davis alighted at that place and assisted passengers on and off the train. While Davis, after the train got in motion again, was standing on the bottom step of a passenger coach, facing towards the rear of the train, and stooping or leaning and looking under a coach, to discover the cause of a noise that

was heard, having his head several inches out from the side of the coach, he was struck by the mail crane platform, which was on the same side of the train as that on which passengers got off and on. That platform was north of the crossing. It was built around the bottom of a mail crane, and its purpose was to provide a place for a person to stand on while hanging a mail sack on the arm of the crane. It is about 4 feet high, and was 3 or 4 inches from the outside of a passing coach. Other mail cranes along the line Davis served on were iron cranes, with ladders, and did not have a platform around them. It is necessary for flagmen frequently to be on the sides of cars in the performance of their duties. A rule of the employer requires a clearance space of at least 24 inches between the rail and an object on the side of the track; that much clearance being ample for a man to stand on the outside of a car without endangering his life or limb.

[1-3] The above-mentioned ruling is complained of on the ground that under the undisputed evidence the deceased assumed the risk due to the presence of the mail crane platform at the place above indicated. The evidence warranted a finding that the employer was chargeable with negligence in permitting that object to be unnecessarily near the track. In order to charge an employee with the assumption of a risk attributable to a defect due to the employer's negligence, it must appear, not only that he knew (or is presumed to have known) of the defect, but that he knew that it endangered his safety; or else such danger must have been so obvious that an ordinarily prudent person under the circumstances would have appreciated it. Gila Valley Ry. Co. v. Hall, 232 U. S. 94, 102, 34 S. Ct. 229, 58 L. Ed. 521. We are of opinion that under the circumstances disclosed by a phase of the evidence it was properly a question for the determination of the jury whether the deceased did or did not know of the location of the mail crane platform and of the danger therefrom to trainmen on passing trains. The evidence as to the circumstances under which the deceased daily passed that object was not such that it required the inference that he knew of its location and realized the danger therefrom to one who in passing on a train has the

whole or part of his body out from the side of a car. In passing on the question whether the deceased did or did not know of and appreciate the danger the jury might properly be influenced by the considerations that the mail crane platform in question was the only structure of its kind on the line on which deceased served; that at the times when he had an opportunity to observe it he probably was engaged in assisting passengers off and on the train, and in performing other duties of a flagman incident to the stopping and starting of the train, and, so far as appears, was not charged with the duty of looking out ahead for obstructions near the track; and that, if he casually saw the platform quite a distance from him, he, without being negligent, might have failed to realize how far it was from a passing car. The case is quite different from Southern Pacific Co. v. Berkshire, 254 U. S. 416, 41 S. Ct. 162, 65 L. Ed. 335. In that case it was held that an experienced locomotive engineer who had operated many times over a railroad where mail cranes were uniformly set up close to the track was to be presumed to have known the danger of being struck when leaning from his cab window while passing a mail crane. It is to be inferred that, in reaching the conclusion in that case that the engineer "perfectly well knew of the existence of the crane where it stood," the court was influenced by the considerations that he was charged with the duty of keeping a lookout ahead, and that there was uniformity in the location of mail cranes with reference to the track traversed by the engineer. Pertinent authorities support the conclusion that in the instant case it was not a necessary inference from undisputed evidence that the deceased, while performing his duties as a flagman, must have become aware of the location of the mail crane platform with reference to the track and must have realized the danger therefrom. Texas & Pacific Ry. Co. v. Swearingen, 196 U. S. 51, 25 S. Ct. 164, 49 L. Ed. 382; Taber v. Davis (C. C. A.) 280 F. 612. It follows that the above-mentioned ruling was not erroneous.

Of the complained of rulings on objections to testimony no more need be said than that none of them involved reversible error.

No error appearing in the record, the judgment is affirmed.