## BIRMINGHAM BELT R. CO. v. DUNLAP.
### No. 6466.

Circuit Court of Appeals, Fifth Circuit.

May 24, 1932.

Jelks H. Cabaniss, of Birmingham, Ala., for appellant.

John W. Altman and W. C. Dalrymple, both of Birmingham, Ala. (Fred G. Koenig and Walter S. Smith, both of Birmingham, Ala., of counsel), for appellee.

Before BRYAN, SIBLEY, and HUTCHESON, Circuit Judges.

BRYAN, Circuit Judge.

This is an action under the Federal Employers' Liability Act (45 USCA §§ 51–59), in which, in the court below, plaintiff recovered judgment against the defendant railroad company for damages for a personal injury which he received while employed as a switchman and member of a switch engine crew in a railroad yard at Birmingham.

The case proceeded to trial on a complaint which alleged simply that plaintiff's injuries resulted as a "proximate result of a defect or insufficiency, due to the negligence of the defendant, in the cars, engine, appliances, machinery, tracks, road-bed or other equipment of the defendant"; and a plea of the general issue, pleaded in short by consent, with leave to the defendant to give in evidence any matter which, if well pleaded, would be admissible in defense of the action, and with like leave to the plaintiff to give in evidence any matter which, if well pleaded, would be admissible in rebuttal. This method of pleading is in accordance with the Alabama practice. Evidence for the plaintiff was to the effect that the injury occurred after the switch engine had coupled onto a car which was destined to move in intrastate commerce and was on its way to pick up another car which was destined to move in interstate commerce; the intention being to place both cars on a transfer track, where each would be made up into a train for transportation to its destination. During the course of plaintiff's testimony he said that, after he was thrown from the top of the car by reason of a derailment, and while he was under the car, he observed that frog points at an adjacent switch were worn, that a rail was broken, and that the roadbed had rotten ties in it; and, further, that he had noticed these defective conditions before the occasion of his injury.

The assignments are aimed at the refusal of the court to give to the jury defendant's request to charge that the verdict should be against the plaintiff and in favor of the defendant. In support of these assignments it is argued, first, that plaintiff's evidence disclosed no right of action under the Federal Employers' Liability Act, and, secondly, that, according to his own testimony, plaintiff had assumed the risk of injury.

In our opinion the evidence was sufficient to sustain a right of recovery under the Federal Employers' Liability Act. At the time of plaintiff's injury the switch engine was on its way to get a car and put it in interstate transportation. It is immaterial that the switch engine, while making this movement, had attached to it a car that was to move in intrastate commerce. The situation is not different than it would have been if the switch engine had been proceeding without any car attached to it to get the interstate car. Norfolk & Western Ry. Co. v. Earnest, 229 U. S. 114, 33 S. Ct. 654, 57 L. Ed. 1096, Ann. Cas. 1914C, 172; Erie R. R. Co. v. Welsh, 242 U. S. 303, 37 S. Ct. 116, 61 L. Ed. 319. In Shanks v. D., L. & W. R. R. Co., 239 U. S. 556, 36 S. Ct. 188, 189, 60 L. Ed. 436, L. R. A. 1916C, 797, the test of employment in interstate commerce is stated to be whether the employee at the time of injury "was * * * engaged in interstate transportation, or in work so closely related to it as to be practically a part of it." Applying that test to the facts of this case, we think the plaintiff at the time of his injury was engaged in interstate commerce.

Aside from requesting a verdict against the plaintiff and in favor of defendant, no request was submitted by defendant invoking the doctrine of assumption of risk, but all its special requests related to the question whether plaintiff's employment and the work of the switch engine had to do with interstate commerce. There does not seem to have been any contention at the trial that plaintiff was barred from recovery under the doctrine of assumption of risk; but, because of the almost limitless defenses that might have been relied on under the Alabama practice of pleading in short by consent, we assume that there was such a contention. The most that defendant can contend for is that, before his injury, the plaintiff, who so far as appears was not capable of deciding whether the railroad track was reasonably safe, knew that the frog points were worn, and that the roadbed was not in perfect condition because it contained some rotten cross-ties. This knowledge was not enough to entitle the defendant to a peremptory instruction, because it may well be that, notwithstanding his knowledge, the plaintiff did not appreciate the dangers of the situation. Whether he did or not was at most a question for the jury to decide. Central of Georgia Ry. Co. v. Davis (C. C. A.) 7 F.(2d) 269.

The judgment is affirmed.