WALKER *v.* CHICAGO, INDIANAPOLIS AND LOUISVILLE RAILWAY COMPANY.

[No. 10,078. Filed December 12, 1917.]

1. MASTER AND SERVANT.—*Workmen's Compensation Act.—Appeals. —Assignment of Error.—Questions Presented.*—Under §61 of the Workmen's Compensation Act (Acts 1915 p. 392, as amended by Acts 1917 p. 154), an assignment of error that the award of the full board is contrary to law is sufficient to present both the sufficiency of the facts found to sustain the award and the sufficiency of the evidence to sustain the finding of facts. p. 169.

2. MASTER AND SERVANT.—*Workmen's Compensation Act.—Appeal from Award.—Briefs.—Sufficiency.*—Where an appeal from an award under the Workmen's Compensation Act (Acts 1915 p. 392), is controlled by the procedure indicated by the act of 1917 (Acts 1917 p. 523), but such procedure has not been followed by appellee, its objections to appellant's briefs will be overruled and they will be treated as sufficient to present the errors claimed. p. 169.

3. MASTER AND SERVANT.—*Workmen's Compensation Act.—Right to Compensation.—Railway Employe Engaged in Interstate Commerce.*—In view of the decisions of the United States Courts holding that the Federal Employers' Liability Act, under which negligence is the basis of the duty to make compensation, includes all cases for which railroads may be held liable on account of injury to their employes engaged in interstate commerce and that in that field it is both paramount and exclusive, §19 of the Indiana Workmen's Compensation Act (Acts 1915 p. 392), providing that the act shall not apply to employes engaged in interstate commerce, nor to their employers, in case the laws of the United States provide for compensation or for liability for injury or death by accident of such employes, must be held to expressly exempt from its benefits railroad employes engaged in interstate commerce, even in cases where the railroad is not liable under the federal liability act for the injury of an employe. pp. 170, 173.

4. MASTER AND SERVANT.—*Workmen's Compensation Act.—Appeal from Award.—Review.*—In an action under the Workmen's Compensation Act (Acts 1915 p. 392), in determining whether the facts found by the Industrial Board authorize its conclusion that the intestate, at the time of his injury, was engaged in interstate commerce, a finding, included as one of fact, that he was engaged in interstate commerce, is properly a conclusion of law and will be ignored. p. 171.

5. MASTER AND SERVANT.—*Workmen's Compensation Act.—Appeal from Award.—Review.—Evidence.—Sufficiency.*—In a proceeding under the Workmen's Compensation Act (Acts 1915 p. 392), for compensation for the death of a crossing watchman employed by an interstate railroad, facts showing that deceased, upon discovering the approach of a train, which was carrying freight in interstate commerce, started diagonally across a street to the watchhouse to get his flag or lantern to signal the approach of the train and was struck and killed by an automobile, are sufficient to justify the conclusion that deceased was engaged in interstate commerce and that the Industrial Board therefore had no jurisdiction, especially as the burden was on claimant to show facts necessary to entitle her to benefits under the act. pp. 172, 174.

6. MASTER AND SERVANT.—*Workmen's Compensation Act.—Appeal from Award.—Review.—Evidence.—Sufficiency.*—Where there is some evidence to support findings of fact by the Industrial Board, they will not be disturbed on appeal. p. 174.

From the Industrial Board of Indiana.

Proceedings under the Workmen's Compensation Act for compensation by Sarah Walker against the Chicago, Indianapolis and Louisville, Railway Company. From a finding for defendant, the applicant appeals. *Affirmed.*

*Albert J. Fields,* for appellant.

*Perry McCart* and *C. C. Hine,* for appellee.

HOTTEL, J.—This is an appeal from an order of the full Industrial Board dismissing appellant's claim for compensation for the death of her brother, Albert Howard. The facts upon which appellant's claim must be predicated, as set out in the finding of said board, so far as pertinent and necessary to an understanding of the questions presented by the appeal, are to the following effect: On November 8, 1916, the appellee was a railroad corporation, and as such owned and operated a line of railroad extending from the city of Chicago, Illinois, through the State of Indiana, to the city of Louisville, Kentucky. Over this line of railroad appellee was on said day, and long prior thereto had been, engaged in interstate, commerce as a common carrier by railroad. Said railroad runs north and south over and along Jay street, in the city of Bedford, Lawrence county, Indiana, and intersecting Sixteenth street in said city at the crossing of said streets. On said day appellee had in its employ appellant's brother, Albert Howard, who was by appellee assigned to and required to act as flagman and watchman at the cross-

ing of appellant's railroad track and the said inter-
section of Jay and Sixteenth streets in said city.
There was on said day a flagman's house just north
of the line of Sixteenth street, and east of the east
line of Jay street, which had been located and placed
there by appellee. On the evening of said day,
November 8, 1916, between the hours of 7 and 7:30,
the said Howard was at the southeast corner of the
intersection of said streets, a distance of about 110
feet from said flagman's house, where his lantern and
flags were kept, at which time one of appellee's
freight trains was approaching from the north. Upon
discovering said train, Howard had neither his lan-
tern nor flag, they both being at the watchhouse. He
started hurriedly from said point, where he was
standing, diagonally across Jay street northwest
toward his watchhouse, and was struck by an auto-
mobile traveling in said street, and received injuries
from which he died on November 10, 1916. We now
quote from the finding: "The train which was ap-
proaching said crossing at said time was carrying
freight in interstate commerce; * * * said * * *
Howard was at the time employed in interstate com-
merce."

Upon its finding, said board stated its ruling of
law as follows: "As Albert Howard was employed
in interstate commerce at the time that he received
the injury resulting in his death, the Industrial Board
has no jurisdiction over the plaintiff's claim." This
ruling is followed by an order that appellant's claim
be dismissed "for want of jurisdiction," and that
appellee recover costs, etc.

Appellant has assigned in this court three errors
on which she relies for reversal. The first challenges

the award of the full board as being contrary
1.   to law, and, under the amendment of §61 of the
Workmen's Compensation Act (Acts 1917, ch.
63, §3, p. 154), is sufficient to present the questions
which appellant seeks to have determined by her
appeal.

It is first insisted by appellee that because of certain alleged omissions and infirmities in appellant's
briefs they are insufficient to apprise this
2.   court of the questions for decision. The award
from which this appeal was prosecuted was
made July 5, 1917, and hence the appeal is controlled
by the procedure in this court as amended by the
act of the legislature of 1917 (Acts 1917, ch. 143, p.
523 *et seq.*) In view of the fact that the procedure
indicated by that act has not been followed by
appellee, appellant's briefs will be treated as sufficient to present the questions which she seeks to have
determined.

It is apparent from the board's finding, conclusion
of law, and order of dismissal, indicated *supra,* that
its dismissal of the claim was the result of its conclusion that the deceased was engaged in interstate commerce when injured. The effect of appellant's first
assigned error is to challenge this conclusion as being
contrary to law, and also to challenge the sufficiency
of the evidence to sustain the finding upon which
such conclusion is based. While the correctness of
the finding in said respect and the conclusion based
thereon are not essential to the affirmance of said
award, if an affirmance might be properly predicated
on any other ground, we may, for the purposes of the
question presented, assume that the other essential
elements of appellant's right to recover were proved

and found by the board in her favor, and direct our inquiry to the two questions, viz.: (1) Whether the finding authorizes said conclusion, and (2) whether there is any evidence to sustain the facts found by the board upon which such conclusion must be based.

In this connection we should first notice a contention made by appellant to the effect that before she can be denied compensation under the state

3. compensation act, upon the ground that decedent when injured was engaged in interstate commerce, it must appear that liability for his death is provided by the federal Employer's Liability Act. This contention, if correct, disposes of the questions indicated and necessitates a reversal of the appeal, because it must be, and is, in effect, conceded by the parties hereto that decedent's death, in so far as appellee was connected therewith, was wholly accidental, the employment by appellee being the only link connecting it in any way with said injury and death. There was no act of causal connection or negligence between said injury and death and any act of omission or commission of appellee, and hence no liability under the federal act against appellee for such death. *Seaboard Air Line Railway* v. *Horton* (1913), 233 U. S. 492, 501, 34 Sup. Ct. 635, 58 L. Ed. 1062, 1068; *New York Central R. Co.* v. *Winfield* (1917), 244 U. S. 147, 37 Sup. Ct. 546, 61 L. Ed. 1045; *Erie R. Co.* v. *Winfield* (1917), 244 U. S. 170, 37 Sup. Ct. 556, 61 L. Ed. 1057.

While there is language in our compensation act (Acts 1915 p. 392, §19) which supports appellant's contention, the exact question here presented has been recently determined by the Supreme Court of

the United States against such contention. *New York Central R. Co.* v. *Winfield, supra; Erie R. Co.* v. *Winfield, .supra.*

In these cases it is expressly held in substance that the federal Employer's Liability Act includes and covers all cases for which railroads may be held liable on account of injury to their employes received while engaged in interstate commerce; that while "it proceeds upon the principle which regards negligence as the basis of the duty to make compensation and excludes the existence of such a duty in the absence of negligence," it is "as comprehensive of those instances in which it excludes liability as of those in which liability is imposed. It establishes a rule or regulation which is intended to operate uniformly in all the states, as respects interstate commerce, and in that field is both paramount and exclusive."

Reverting to the main questions indicated *supra,* we shall first determine whether the facts found by the board authorize its conclusion. It will be observed that the board has included as one of the facts found by its finding that said decedent, when injured, was engaged in interstate commerce; but this finding, being properly a conclusion of law (*Graber* v. *Duluth, etc., R. Co.* [1915], 159 Wis. 414, 150 N. W. 489; *Pelton* v. *Ill. Central R. Co.* [1915], 171 Iowa 91, 150 N. W.. 236, 242), must, for the purposes of the question under consideration be ignored, and the sufficiency of the finding to support such a conclusion must be determined from the other facts found.

The other facts pertinent to said question, indicated *supra,* as found by the board, were those show-

ing that appellee's railroad was interstate, viz., that it ran from the city of Chicago, in the State of Illinois, to the city of Louisville, in the State of Kentucky; that on the day and at the time in question appellee was engaged as a common carrier in carrying over said road interstate commerce, and that deceased was employed by appellee on said road as a flagman and watchman at the crossing in question.

It is important, also, that, in so far as the finding can be said to find or show any particular thing being done by deceased in connection with his employment at the time he was injured, it shows that he was crossing said Jay street diagonally in the direction of the flagman's house, apparently to get his flag or lantern, or both, to signal the approach of a train which was then approaching over said road and "was carrying freight in interstate commerce."

As pertinent to a correct determination of the question under consideration, the United States Supreme Court, in the case of *New York, etc., R. Co.* v. *Carr* (1915), 238 U. S. 260, 264, 35 Sup. Ct. 780, 781, 59 L. Ed. 1298, 1300, said: *"Each case must be decided in the light of the particular facts with a view of determining whether, at the time of the injury, the employee is engaged in interstate business, or in an act which is so directly and immediately connected with such business as substantially to form a part or necessary incident thereof."* (Our italics.)

The italicized language, *supra,* seems to furnish the test generally recognized as the one to be applied in determining whether in the particular case involved the injured employe was engaged in inter-

state commerce when injured. *Shanks* v. *Delaware, etc., R. Co.* (1915), 239 U. S. 556, 559, 36 Sup. Ct. 188, 60 L. Ed. 436, 438, L. R. A. 1916C 797; *Erie R. Co.* v. *Welsh* (1916), 242 U. S. 303, 37 Sup. Ct. 116, 61 L. Ed. 319; *Chicago, etc., R. Co.* v. *Harrington* (1915), 241 U. S. 177, 36 Sup. Ct. 517, 60 L. Ed. 941, 11 C. C. C. A. 992. For other cases in which the question has been considered and which aid in its correct determination, see *Southern Pacific Co.* v. *Industrial Accident Comm.* (1916), 174 Cal. 8, 161 Pac. 1139; *Louisville, etc., R. Co.* v. *Barrett* (1915), 143 Ga. 742, 85 S. E. 923; note, 10 N. C. C. A. 153-184; note, 11 N. C. C. A. 992-1011.

The case of *Southern Pacific Co.* v. *Industrial Accident Comm., supra,* is a case where a flagman was injured, and very strongly supports the conclusion reached by the Industrial Board in the instant case. The appellant relies on the case of *Louisville, etc., R. Co.* v. *Barrett, supra.* This case furnishes some apparent support for her contention; but an examination of it will disclose the absence of facts present in the finding in the instant case which are of controlling influence. We think that under the facts found by the board in the instant case the weight of authority justifies the conclusion of law stated thereon. This conclusion is strengthened, if not forced, by the fact that the burden was on appellant to show the facts neccessary to entitle her to the benefits of the statute upon which her claim is predicated. *Haskell, etc., Car Co.* v. *Brown* (1917), 67 Ind. App. ——, 117 N. E. 555, and cases cited.

Said statute, by §19, *supra,* when interpreted in the light of the decisions herein cited nullifying the last clause thereof, must be held to expressly 3. exempt from its benefits railroad employes engaged in interstate commerce. It conclu-

sively appears from the board's said finding of facts that appellant's claim to the benefits of said act must be predicated upon the fact that her decedent was in the employ of the appellee railroad corporation discharging some duty in connection with such employment. It also appears from said finding that the duty which decedent was discharging, and the work which he was doing at the time he received the injury which resulted in his death, must have been a duty and a work incident to and connected with either intrastate or interstate commerce, one or both. There is no fact or facts found in said finding which would justify a court in concluding, as a matter of law, that deceased, when injured, was engaged in intrastate commerce. For the reasons indicated, we hold that the facts found by the board justify its said conclusion of law.

We now inquire whether there is any evidence to support the finding of facts upon which said conclusion rests. As affecting this question, the rule applicable in other actions which prevents this court from weighing evidence, and which requires it, as against any challenge involving its sufficiency, to affirm the decision of the trial court, where such decision has any evidence to support each of the facts essential to its validity, applies with equal force to actions brought under the Workmen's Compensation Act. *Haskell, etc., Car Co.* v. *Brown, supra,* and cases cited.

The evidence conclusively shows that appellee's railroad is an interstate road in the sense that it extends from Chicago, Illinois, to Louisville, Kentucky. There was evidence which showed, or at least tended to show, that all of its trains carry interstate freight or passengers, and that the train, the approach

of which deceased, when injured, was apparently attempting to get his lantern or flag to signal, had in it, several cars loaded with stone destined for points without the state.

It follows that there was some evidence in support of each of the facts contained in said finding affecting the issue which appellant challenges as not being sustained by sufficient evidence.

For the reasons indicated the award of the Industrial Board must be, and is, affirmed.

NOTE.—Reported in 117 N. E. 969. Workmen's compensation: railroad employes as within purview of act, Ann. Cas. 1914D 663, 1916A 821, 1918B 664; appeal and review under act, Ann. Cas. 1916B 415, 1918B 647, L. R. A. 1916A 163, 266.