(No. 12922.—Judgment reversed.)

The Pittsburgh, Cincinnati, Chicago and St. Louis Railroad Company, Plaintiff in Error, *vs.* The Industrial Commission *et al.*—(Joseph Korzeniewski, Defendant in Error.)

*Opinion filed February 18, 1920.*

1. Workmen's compensation—*the Federal Employers' Liability act controls compensation where parties are engaged in interstate commerce.*   In a proceeding to recover for an injury occurring while the employer and employee are engaged in interstate commerce, the Federal Employers' Liability act alone controls and cannot be pieced out or supplemented by any State statute.

2. Same—*injury to watchman at railroad crossing used by interstate trains is within scope of the Federal Employers' Liability act.*   Where a watchman at a railroad crossing is employed to guard the crossing for the protection of both intrastate and interstate trains and while in the performance of his duties is struck by an intrastate train the injury is within the scope of the Federal Employers' Liability act, as the Federal law controls if the particular act in which the injured person is engaged at the time of his injury is in any substantial part within the interstate field.   (*Chicago and Alton Railroad Co.* v. *Industrial Com.* 288 Ill. 603, followed.)

Writ of Error to the Circuit Court of Cook county; the Hon. Oscar M. Torrison, Judge, presiding.

O. W. Dynes, Carl S. Jefferson, and S. D. Scholes, for plaintiff in error.

Mr. Justice Carter delivered the opinion of the court:

Frank Rosinske was killed on February 5, 1918, in Chicago by being struck by a Chicago, Milwaukee and St. Paul Railway Company train while in the performance of his duties as a crossing flagman, and his administrator made application before the Industrial Commission for an award, on account of said death, against plaintiff in error. After a hearing the arbitrator held that the administrator could not recover, for the reason that deceased was engaged in interstate commerce at the time of the injury. On petition for review the Industrial Commission set aside the arbitrator's finding and held that the employee was engaged in intrastate commerce and the administrator could recover. The decision of the Industrial Commission was affirmed by the circuit court of Cook county. A petition for a writ of error was thereafter filed in this court and allowed, and the case is now here thereunder.

The deceased was a crossing flagman employed by plaintiff in error in Chicago where Green street crosses its tracks. Plaintiff in error has several tracks at this intersection, as has also the Chicago, Milwaukee and St. Paul Railway Company. Some of these tracks are used jointly by the two companies,—particularly the two most northerly, called tracks 1 and 2. On these two tracks local and through passenger trains and a few freight trains were operated before and at the time of the accident. The testimony shows, without contradiction, that these tracks were used for both interstate and intrastate commerce. The crossing was protected by gates operated by air-pump devices controlled by a gateman in a tower. The deceased was a crossing watch-

man or flagman standing on the ground at the crossing, and his duties required him to stop persons, teams and other traffic when a train approached the crossing; to flag trains when necessary for their protection, and generally to keep these tracks clear both as to local and through trains, which he did by means of a stop-disc held in his hands. His duties naturally required him to look and listen toward all four directions. On the morning of the accident a through train, known as No. 131, backed in from where it had been made up in the Western avenue yards of the Chicago, Milwaukee and St. Paul Railway Company, on joint track 2, going east towards the Union station at Canal street, preparatory to taking on passengers. A local train of the same company, known as No. 32, which had come from Deerfield, Illinois, had discharged its passengers at the Union station and was backing up west, on track 1, toward the yards. As this last named train was nearing Green street train No. 131 had reached the Green street crossing, coming from the opposite direction. The deceased flagman was standing in the middle of track 1, on which No. 32 was backing, looking toward the south. The morning was smoky and the view was therefore somewhat obstructed. The brakeman operating at the rear of train No. 32 testified that he saw the deceased first when his train, running about ten or twelve miles an hour, was about 125 feet east of the Green street crossing; that he blew the whistle and put on the emergency brakes, slowing the train down to about seven or eight miles an hour by the time it reached the crossing where the deceased stood. Rosinske was struck by this train and killed.

There is no controversy from the testimony in the record that it was the duty of the deceased to keep the crossing unobstructed for the safe passage of trains running wholly within the State and trains engaged in interstate commerce. There were seventy-one regular passenger trains every twenty-four hours operated by the Chicago, Milwau-

kee and St. Paul Railway Company and four local passenger trains and a freight train of plaintiff in error transferring freight destined for different points east of Illinois. It was the flagman's duty, according to the record, to facilitate the movement of all these trains by keeping the tracks clear.

It has been held by this court, citing many United States Supreme Court decisions and other authorities, that in a suit to recover for an injury occurring while the employer and employee were engaged in interstate commerce, the Federal Employers' Liability act alone would control and could not be pieced out or supplemented by any State statute. (*Staley* v. *Illinois Central Railroad Co.* 268 Ill. 356.) If the particular act in which the injured person is engaged at the time of his injury is in any substantial part within the interstate field then the Federal law rules the situation. (*Graber* v. *Duluth, S. S. & A. Ry. Co.* 159 Wis. 414; *Chicago and Alton Railroad Co.* v. *Industrial Com.* 288 Ill. 603.) In this last case it was held by this court that if an employee of a railroad company is engaged in protecting the instrumentalities of the interstate commerce of his master and is killed in the course of this employment his injuries arise out of his employment and the cause is one within the scope of the Federal Employers' Liability act, regardless of who inflicts the injury causing the death. The facts in that case, so far as relating to the employment of the injured person at the time of the accident, are practically identical with the facts in the case now under consideration. This being so, it is impossible to distinguish that case from this, and the conclusion there reached must control here. The authorities on this question are reviewed at length in that decision and it is unnecessary to refer to them in detail here.

The conclusion necessarily follows that the judgment of the circuit court must be reversed.   *Judgment reversed.*