KOOKEN *v.* CHICAGO, INDIANAPOLIS & LOUISVILLE RAILROAD COMPANY.

[No. 15,457. Filed June 27, 1935. Rehearing denied October 18, 1935.]

*William J. McAleer, Francis J. Dorsey, James J. Clark,* and *William L. Travis,* for appellant.

*J. Haulee,* for appellee.

CURTIS, P. J.—This is an appeal from an award of the full Industrial Board of Indiana denying the appellant, Elizabeth Kooken, the widow of the deceased, Harry Kooken, compensation. On the 16th day of August, 1934, appellant filed her claim for compensation before the Industrial Board. The single member entered an award and order in favor of the appellant. On October 26, 1934, appellee filed its application for review before the full Industrial Board. The full Industrial Board found that the accident which caused the death of appellant's decedent arose out of and in the course of his employment by the appellee, but found further that he was engaged in interstate commerce at the time of his accidental injury and death, and ordered appellant's application dismissed for the lack of jurisdiction. It is from this award that this appeal is prayed and perfected.

The error relied upon for reversal is, "The award made by the full Industrial Board of Indiana in this cause is contrary to law." This assignment of error presents all questions sought to have reviewed.

The following are the undisputed facts: That the deceased, Harry Kooken, was employed as a crossing watchman or flagman at the intersection of Conkey Avenue and appellee's railroad at Hammond, Indiana; that both interstate and intrastate trains crossed at this crossing; that it was the duty of the deceased to lower the gates when all trains used the crossing; that a light had gone out on one of the gates and the deceased in line of duty had gone out to repair the light and while on his way back to his shanty he was struck by an automobile and fatally injured; that his injury arose out of and in the course of his employment. Since the facts are undisputed and the deceased's injuries arose out of and in the course of his employment by the appellee, it becomes a question of law for this court to decide as to whether or not the appellant's claim for compensation can be prosecuted under the Indiana Workmen's Compensation Law. The decisive question of this appeal is whether or not the deceased was employed in interstate transportation or in work so closely related to it as to be practically a part of it at the time of the injury. If he was, then it is conceded by the appellant that the award is correct. If he was not so employed at the time of the injury, then the award must be reversed. In what is commonly called the Collins Case, being *Erie Railroad Company* v. *Collins* (1920), 253 U. S. 77, 40 Sup. Ct. Rep. 450, 64 L. Ed 790, and in the Szary case, being *Erie Railroad Company* v. *Szary* (1920), 253 U. S. 86, 40 S. Ct. Rep. 454, 64 L. Ed. 794, the words "interstate commerce" were used inadvertently for "interstate transportation" but these two cases were overruled in the case of *Chicago & Eastern Illinois Railroad Company* v. *Industrial Commission of Illinois* (1932), 284 U. S. 296, 52 S. Ct. Rep. 151, 76 L. Ed 304, 77 A. L. R. 1367, and in that case the correct rule was declared to be the rule

announced in the Shanks case—*Shanks* v. *Delaware L. & W. R. Co.* (1916), 239 U. S. 556, 36 S. Ct. Rep. 188, 60 L. Ed 436, namely "was the employee at the time of the injury engaged in interstate transportation or in work so closely related to it as to be practically a part of it." See also *Chicago & Northwestern Ry. Co.* v. *Eugene Bolle* (1931), 284 U. S. 74, 152 S. Ct. Rep. 59, 76 L. Ed. 173 and *New York, New Haven, etc., R. R. Co.* v. *Bezue* (1932), 284 U. S. 415, 52 S. Ct. Rep. 205, 76 L. Ed 370.

From the time of the Shanks case, *supra,* and the Pederson case—*Pederson* v. *Delaware, etc., R. R.* (1913), 229 U. S. 146, 33 S. Ct. Rep. 648, 57 L. Ed 1125, which it followed, the holding of the courts of the country, that have considered the matter of the status of a crossing watchman or gateman, such as the decedent was, when such watchman or gateman was guarding the tracks of a railroad company engaged in interstate transportation, has been practically uniform that he was engaged in interstate transportation. He not only guards the public from injury but equally it may be said that he guards the instrumentality then being used in interstate tranportation. This court takes notice of the fact that the flow of interstate transportation may be greatly hazarded and retarded by the large and heavy motor vehicles and other vehicles now using the crossings of roads and streets over railroads engaged in interstate transportation. As throwing light on this question, see *Philadelphia & R. Ry. Co.* v. *Donato* (1921), 256 U. S. 327, 41 S. Ct. Rep. 516; *Pederson* v. *Delaware R. R., supra; Southern Pacific Company* v. *Industrial Accident Commission of California* (1916), 174 Cal. 8, 161 Pac. 1139; *Chicago and Alton Railroad Co.* v. *Industrial Commission of Illinois* (1919), 288 Ill. 603, 124 N. E. 344; *Pittsburgh C. C. & St. L.* v. *Industrial Commission*

*of Illinois* (1920), (Ill.), 126 N. E. 128; *Walker* v. *C. I. & L. Railway Company* (1917), 66 Ind. App. 165, 117 N. E. 969.

Section 19 of the Indiana Workmen's Compensation Act in force May 21, 1929, Acts 1929, p. 536, provides as follows:

"This act, except section 66, shall not apply to employees engaged in interstate or foreign commerce, nor to their employers, in case the laws of the United States provide for compensation or for liability for injury or death by accident of such employees."

The overruling of the two cases of the Supreme Court of United States by that court, as heretofore pointed out, does not change the rule of law followed since the Shank and Pederson cases, *supra*, but on the contrary re-affirms the rules stated therein, and under the rules therein announced and followed throughout the country in the courts that have considered the question presented in this appeal, we hold that the record in the instant case sustains the finding and award of the full board. We do not believe that the cases upon which we have relied in this opinion were erroneously affected by the inadvertent use of the term "interstate commerce" for the term "interstate transportation" in the two decisions of the U. S. Supreme Court which it later overruled, as above pointed out. The distinction, as made by the Supreme Court of United States, between the two terms is that commerce covers the whole field of which transportation is only a part and that a railroad is engaged in the transportation of persons and things in commerce and not in carrying on commerce generally.

The award is affirmed.