[L. A. No. 17930.   In Bank.   Jan. 12, 1942.]

OWEN H. LEWIS, Petitioner, v. INDUSTRIAL ACCIDENT COMMISSION et al., Respondents.

James E. Martin and Clifton Hildebrand for Petitioner.

Everett A. Corten, E. E. Bennett, Edward C. Renwick and Malcolm Davis for Respondents.

THE COURT.—The petitioner, Owen H. Lewis, seeks by this writ of review to have annulled an order of the Industrial Accident Commission. On November 20, 1939, the petitioner was employed by the Union Pacific Railroad Company as a brakeman at Bly, California. During the course of his duties on that day as a member of a switching crew, the petitioner sustained an injury arising out of and occurring in the course of his employment. On February 20, 1940, the Union Pacific Railroad Company filed an application with the respondent commission for an adjustment of petitioner's claim against it. The petitioner has at all times contended that the Industrial Accident Commission has no jurisdiction upon the theory that at the time of his injury he was engaged in interstate commerce under the Federal Employers' Liability Act, as amended in 1939. At the time of its original decision on November 18, 1940, and at the time of its decision on rehearing on January 20, 1941, the respondent commission dismissed the proceeding for want of jurisdiction. On March 28, 1941, however, after reopening the case, the commission rendered a decision in which it held that both employer and employee were engaged in intrastate commerce at the time of the injury and were subject to the jurisdiction of the commission. It is this decision which petitioner seeks to have annulled.

There is no conflict upon the facts of the case. The switching crew of which Lewis was a member did not handle any cars destined for interstate commerce until after he was injured. After petitioner's injury, however, several cars were switched by the crew which were intended for interstate commerce. The track upon which the accident occurred was admitted to be a highway of interstate commerce. Under these facts it is clear that, prior to the 1939 amendment, petitioner would not have been entitled to protection under the Federal Employers' Liability Act, for at the time of his injury Lewis was not actually engaged in the movement of interstate traffic. (See, *Shanks* v. *Delaware, L. & W. R. Co.,* 239 U. S. 556,

558 [36 Sup. Ct. 188, 60 L. Ed. 436].) The federal statute has been severely criticized, in large part because of the difficulty in ascertaining in a particular situation whether at the moment of the injury the employee was actually engaged in interstate transportation. (See Schoene & Watson, ''Workmen's Compensation on Interstate Railways,'' (1934) 47 Harv. L. Rev. 389; (1934) 43 Yale L. J. 906; (1934) 28 Ill. L. Rev. 587; (1933) 19 A. B. A. Journ. 377.) In 1939, an amendment to section 1 of the Federal Employers' Liability Act was enacted which reads: ''Any employee of a carrier, any part of whose duties as such employee shall be the furtherance of interstate or foreign commerce; or shall, in any way directly or closely and substantially, affect such commerce as above set forth shall, for the purposes of this Act, be considered as being employed by such carrier in such commerce and shall be considered as entitled to the benefits of this Act. . . .'' (53 Stats. at L. 1404; 45 U. S. C. A., sec. 51.) One of the main reasons for thus amending the statute was to eliminate the necessity for establishing that at the moment of his injury the employee was actually engaged in the movement of interstate traffic. (See *Southern Pacific Co.* v. *Industrial Acc. Com., ante,* p. 271 [120 Pac. (2d) 880] (this day decided); (1940) 38 Mich. L. Rev. 754, 755.)

In order to effectuate the purposes of the amended federal statute and to avoid the hardship involved in determining in each case whether the federal or state remedy is to be applied, all doubts should be resolved in favor of the federal jurisdiction. In any event, petitioner's duty as a member of the switching crew of an interstate railroad seems to us to affect interstate commerce directly or closely and substantially, even though at the moment of his injury he was not engaged in the movement of interstate traffic. Respondents' contentions that, as so construed, the federal act is unconstitutional must be rejected. (*Southern Pac. Co.* v. *Industrial Acc. Com., supra.*) The federal statute has exclusive application (*Southern Pac. Co.* v. *Industrial Acc. Com., supra; New York Cent. R. Co.* v. *Winfield,* 244 U. S. 147 [37 Sup. Ct. 546, 61 L. Ed. 1045]), and the Industrial Accident Commission was without jurisdiction to make the challenged order.

The order is annulled.

Respondent's petition for a rehearing was denied February 11, 1942.