[Sac. No. 5502. In Bank. Jan. 12, 1942.]

MARY COPLEY, Petitioner, v. INDUSTRIAL ACCIDENT COMMISSION et al., Respondents.

Irvin C. Ford and Lawrence G. Dorety for Petitioner.

Everett A. Corten, Dan Murphy, Jr., and Keith & Creede for Respondents.

THE COURT.—Petitioner seeks upon this writ of review to challenge an order of the Industrial Accident Commission which determined that the commission was without jurisdiction under the facts of this case. ▆▆▆ Mary Copley, the petitioner, is the surviving widow of James Henry Copley, who suffered an injury resulting in his death while working as a bridge carpenter in the employ of the Sacramento Northern Railway. At the time of the injury the decedent was working on a railroad trestle over which cars passed as a

part of both interstate and intrastate commerce. Petitioner thereafter filed an application for an award of death benefits with the respondent commission which dismissed the application for want of jurisdiction.

 Although under the decided cases the nature of decedent's duties at the time of his injury brings him within the exclusive operation of the Federal Employers' Liability Act (*Pedersen* v. *Delaware L. & W. R. Co.*, 229 U. S. 146 [33 Sup. Ct. 648, 57 L. Ed. 1125]; *New York Cent. R. Co.* v. *Winfield*, 244 U. S. 147 [37 Sup. Ct. 546, 61 L. Ed. 1045]), it is urged on behalf of the petitioner that the 1939 amendment to that statute should be interpreted as conferring concurrent jurisdiction upon the respondent commission to make an award of benefits. It is conceded that the purpose of the 1939 amendment (53 Stats. at L. 1404) was to broaden the field in which the federal remedy is applicable. (See *Southern Pac. Co.* v. *Industrial Acc. Com.*, *ante*, p. 271 [120 Pac. (2d) 880] (this day decided); *Lewis* v. *Industrial Acc. Com.*, *ante*, p. 284 [120 Pac. (2d) 886] (this day decided).) Petitioner argues that Congress must also have intended to alter the previous interpretation of the statute so as to permit the continued functioning of local statutes, particularly since, in many states, the imposition of liability upon an employer does not require proof of negligence as is the case under the federal act. This contention was rejected in *Southern Pacific Co.* v. *Industrial Acc. Com.*, *supra*. The exclusive nature of the remedy afforded under the federal act has been established for a number of years (*New York Cent. R. Co.* v. *Winfield*, *supra*), and it can hardly be supposed that if Congress had intended to alter the established construction of the act, it would have left so vital a change to inference. (*Southern Pac. Co.* v. *Industrial Acc. Com.*, *supra*.) Petitioner's contention that the nature of the relief afforded under local statutes is superior to the relief afforded under the federal statute has no bearing upon the issue presented here. If the federal remedy is inadequate, those subject to its exclusive control cannot alter their status by virtue of that fact but should address such complaints to Congress. Since the decedent was performing duties which have a direct relation to interstate commerce, the Industrial Accident Commission was without jurisdiction to proceed in the case.

The order is affirmed.