LOUISVILLE & N. R. Co. *v.* POTTS *et al.*

*(Nashville,* December Term, 1941.)

Opinion filed February 28, 1942.

THOS. H. PEEBLES, of Columbia, and SETH M. WALKER and ALBERT W. STOCKELL, both of Nashville, for plaintiff in error.

HOPKINS & HOPKINS and ROBT. K. WOODY, all of Columbia, for defendants in error.

MR. JUSTICE D'EHAVEN delivered the opinion of the Court.

This is a suit brought under the Workmen's Compensation Law of Tennessee, Code, section 6851, et seq. The petitioners are the widow and children of O. B. Potts, deceased, who at the time of his death, and for a considerable period of time prior thereto, was employed by plaintiff in error as fireman on a switch engine operating in and around Columbia, Maury County, Tennessee. It is averred in the petition that on November 7, 1940, while so employed, and while engaged in intrastate commerce, that deceased, in the course of his employment received serious injuries as the result of an accident, from which injuries he died on November 10, 1940.

The Railroad Company made answer and denied that O. B. Potts, while engaged in intrastate commerce, in the course of his employment, received serious and accidental injuries resulting in his death. It was averred O. B. Potts had on the date of the alleged accident been

drinking heavily, and was intoxicated as the result of his willful misconduct in the use of alcohol and was attempting to work in that condition, and while standing on the ground at the side of the train, he became.dizzy from drink and fell to the ground, slightly cutting his head, which injuries were not of a serious nature and did not cause his death, but he continued to suffer from his alcoholic excesses and died from delirium tremens.

On the hearing, the trial judge found the issues in favor of the petitioners, and awarded compensation as prayed. He made a written finding of fact and, among other things, found, in substance, that on November 7, 1940, O. B. Potts reported for duty to the respondent railroad, at Mount Pleasant, Tennessee, in good health, and that the work assigned him was fireman for a mining switch crew; that after reporting for work at approximately 6:30 A. M., the switching crew, including Potts, proceeded to Columbia, Tennessee, and from there to Perrico Junction, in Maury County, Tennessee, for the purpose of hauling thirteen cars of muck consigned to the Armour Fertilizer Company, located in Maury County, Tennessee. He further found, "that all of said activity of said crew at the time of the accident hereinafter set out was not interstate but was intrastate commerce."

The respondent railroad has appealed to this court and assigned errors.

It is complained that the trial judge was in error in finding that "said crew proceeded to Columbia, Tennessee, and from there to Perrico Junction," etc., it affirmatively appearing in the evidence that after the crew reached Columbia, it then engaged in handling interstate cars, and then later proceeded to Perrico Junction and

brought back to Columbia the thirteen cars of muck, and then proceeded to handle cars in interstate commerce.

Section 6856 of the Code, compensation law, provides:

"This chapter shall not apply to: (a) Any common carrier doing an interstate business while engaged in interstate commerce."

The evidence shows without contradiction that, on November 7, 1940, Potts was a fireman on a switch engine, working with a switching crew, engaged in switching various cars at Columbia, Tennessee, some of which were interstate and some intrastate. Both before and after this crew went to Perrico Junction for the thirteen intrastate cars, they engaged in switching interstate and intrastate cars on the yards at Columbia. It is shown that it was the duty of this switch engine crew to place "just whatever was on the tracks," regardless of where the cars were going.

Counsel for the plaintiff in error invoke the amendment of August 11, 1939, to the Federal Employers' Liability Act, 45 U. S. C. A., section 51, providing as follows:

"Any employee of a carrier, any part of whose duties as such employee shall be the furtherance of interstate or foreign commerce; or shall, in any way directly or closely and substantially, affect such commerce as above set forth shall, for the purposes of this chapter, be considered as being employed by such carrier in such commerce and shall be considered as entitled to the benefits of this chapter. Apr. 22, 1908, c. 149, sec. 1, 35 Stat. 65; Aug. 11, 1939, c. 685, sec. 1, 53 Stat. 1404."

Prior to the above amendment, it was generally held that the true test as to whether an injured employee was in interstate commerce at the time he received his injuries, so as to make applicable the Federal Employers'

Liability Act, was the nature of the work he was doing at the time of the injury. *Erie Railroad Company* v. *Welsh,* 242 U. S., 303, 37 S. Ct., 116, 61 L. Ed., 319. And that the character of work done by a railroad employee at times other than when he was injured was immaterial in determining whether he was at the time of injury engaged in interstate commerce. *Chicago & Northwestern Railway Co.* v. *Bolle,* 284 U. S., 74, 52 S. Ct., 59, 76 L. Ed., 173.

The amendment of August 11, 1939, evidences a legislative intent of the congress to extend the Federal Employers' Liability Act to all railroad employees whose duties pertain to the furtherance of interstate or foreign commerce, or which in any way directly or closely and substantially affect such commerce. Prior to the amendment, it was often a matter of difficulty for an injured employee to know, and for the courts to ascertain, whether or not at the time of the accident he was engaged in interstate commerce. One moment the employee might be engaged in an interstate movement, and the next moment in an intrastate movement. In the instant case, the crew of the switch engine was engaged in general switching of cars at Columbia, Tennessee. Some of the cars were moving in interstate commerce and some were not. It is true that at the time of the accident, the crew was handling cars in a intrastate movement; but that operation was a mere incident to the general business of switching cars at Columbia.

We hold that the duties of Potts, as fireman on the switch engine, under the facts shown in evidence, did pertain to the furtherance of interstate commerce, and did directly and closely and substantially affect such commerce.

There are relatively few cases construing the amendment of August 11, 1939. *Ermin* v. *Pennsylvania R. Co.* (D. C.), 36 F. Supp., 936; *Southern Pac. Co.* v. *Industrial Accident Commission et al.*, Cal. App., 113 P. (2d), 763, and *Southern Pac. Co.* v. *Industrial Accident Commission,* Cal. App., 113 P. (2d), 770, are cited and relied on by counsel for plaintiff in error. These cases are well reasoned and fully support the position we have above indicated. Counsel for petitioners have cited no authority holding to the contrary. The petitioners' remedy was under the Federal Employers' Liability Act, as amended, and not under the Workmen's Compensation Law of Tennessee.

The result is that the judgment of the trial court must be reversed and the case dismissed at the cost of petitioners.