PRADER *v.* PENNSYLVANIA RAILROAD COMPANY.

[No. 17,057. Filed June 22, 1943.]

520

*Reed & Reed,* of Knox, for appellant.

*Fred C. Gause,* of Indianapolis, for appellee.

CRUMPACKER, P. J.—This is an appeal from an award of the Industrial Board of Indiana wherein the appellant, Henry Prader, was denied compensation for an alleged accidental injury to his person arising in the

course of his employment by appellee, The Pennsylvania Railroad Company, as a section hand. Issues were joined by the appellant's petition on the Industrial Board's prescribed Form No. 9 and an answer by the appellee in two paragraphs, the first of which alleged, in substance, that previous to and at the time of the appellant's injury said appellee had excepted itself, as provided by law, from the operation of the Workmen's Compensation Act. It is agreed by both parties that there is insufficient evidence in the record to sustain this paragraph of answer, and there is no question concerning it involved in this appeal. In its second paragraph of answer the appellee defends upon the theory that at the time of his injury a part of appellant's duty was in furtherance of interstate commerce and therefore the Industrial Board is without jurisdiction in the matter. Hearing by a single member was waived and the cause was tried originally to the full Industrial Board which in due course entered the following finding:

> "The Full Industrial Board of Indiana now finds for the defendant against the plaintiff on plaintiff's application Form 9 filed on the 21st day of October, 1941, for the reason that the Industrial Board of Indiana is without jurisdiction in the premises and that the exclusive remedy of the plaintiff is under the Federal Employers' Liability Act as amended in 1939 and not under the Workmen's Compensation Act of Indiana."

The award predicated upon this finding is consistent therewith and its legality is the sole question presented by this appeal.

The entire evidence in the case consists of a stipulated set of facts from which we gather the following: On July 29, 1941, the appellant was in the employ of the appellee as a section hand at an average weekly

wage of $21.60. His work consisted of repairing and maintaining the roadbed and track on a main line of the appellee's railroad which track was used in interstate commerce and over which trains transporting passengers and freight through Indiana and other states were operated by the appellee. It was the custom of the appellee to designate each day one or another of the members of the section gang then working on its tracks as a flagman whose duty it was to warn his fellow employees of the approach of trains over the track upon which they were then engaged. Pay for this service was covered by the employee's regular compensation as a section hand. On the morning of July 29, 1941, the appellant was engaged in the performance of his ordinary duties in connection with the maintenance of certain of the appellee's tracks then being used in interstate commerce. He was interrupted in this work by his foreman who instructed him to go to the village of Hanna, Indiana, some six miles distant, for the purpose of procuring a "rule book" through which he was to familiarize himself with the duties of a flagman and thereby qualify for the occasional service above described. He was directed to make this trip by automobile over U. S. Highway No. 30, which approximately parallels the appellee's right-of-way from the point where he was then working to said village of Hanna. En route the automobile which he was driving collided with another vehicle on the highway and he received the injury complained of and as a result thereof he was temporarily totally disabled from July 29, 1941, to February 10, 1942.

It is clear, on the above facts, that were there no question of interstate commerce and the appellant's connection therewith involved in this case, he would be entitled to recover as provided by the Indiana Work-

men's Compensation Act, and, therefore, the sole question for our determination is whether the Federal Employers' Liability Act, as amended in 1939, has deprived him of that remedy.

Justice Van Devanter, speaking for the Supreme Court of the United States in *Second Employers' Liability Cases* (1912), 223 U. S. 1, 56 L. Ed. 327, says this: ". . . it does not admit of doubt . . . that Congress, in the exertion of its power over interstate commerce, may regulate the relations of common carriers by railroad and their employe's, while both are engaged in such commerce, subject always to the limitations prescribed in the Constitution, and to the qualification that the particulars in which those relations are regulated must have a real or substantial connection with the interstate commerce in which the carriers and their employe's are engaged." It has also been held that in the exercise of such power Congress may determine exclusively the obligation of interstate carriers to compensate their employees for injuries received in the discharge of their duties connected with interstate commerce. *Erie R. R. Co.* v. *Winfield* (1917), 244 U. S. 170, 61 L. Ed. 1057; *Second Employers' Liability Cases, supra; Nor. Car. R. R. Co.* v. *Zachary* (1914), 232 U. S. 248; *Balt. & Ohio R. R.* v. *Int. Com. Comm.* (1911), 221 U. S. 612; *Labor Board* v. *Jones & Laughlin* (1937), 301 U. S. 1.

Congress entered this field in 1906 when it enacted the first Employers' Liability Act which, however, was subsequently declared unconstitutional because it attempted to regulate the liability of carriers in interstate commerce for any injury to any employee, even though his employment had no connection whatever with interstate commerce. *The Employers' Liability Cases* (1908), 207 U. S. 463. The second and present

act became law in 1908, and until it was amended in 1939, its scope was limited, by judicial interpretation, strictly to liability for injuries to employees who were actually engaged in interstate commerce when injured, leaving redress under the state law open in the event the employee was injured otherwise. *Wabash R. R.* v. *Hayes* (1914), 234 U. S. 86, 58 L. Ed. 1226; *Hogarty* v. *Philadelphia & Reading Railway Company* (1919), 250 U. S. 650, 63 L. Ed. 1189; *Raymond* v. *Chi., Mil. & St. P. Ry. Co.* (1917), 243 U. S. 43, 61 L. Ed. 583; *New York Central R. R. Co.* v. *White* (1917), 243 U. S. 188, 61 L. Ed. 667.

For cases within its scope, however, there was no remedy for the employee or liability on the part of employer except as in said act provided. *Mondou* v. *New York, New Haven & Hartford Railroad Co.* (1912), 223 U. S. 1, 56 L. Ed. 327; *Del., Lack. & West. R. R. Co.* v. *Yurkonis* (1915), 238 U. S. 439, 59 L. Ed. 1397; *Southern R. Co.* v. *Howerton* (1914), 182 Ind. 208, 105 N. E. 1025; *Vandalia R. Co.* v. *Stringer* (1915), 182 Ind. 676, 106 N. E. 865; *Chesapeake & Ohio R. Co.* v. *Fultz, Admx.* (1930), 91 Ind. App. 639, 161 N. E. 835; *New York Cent. R. R. Co.* v. *Porter* (1919), 249 U. S. 168.

In the syllabus to *New York Central R. R. Co.* v. *Winfield* (1917), 244 U. S. 147, the rule is expressed in these words:

"The liabilities and obligations of interstate railroad carriers to make compensation for personal injuries suffered by their employees while engaged in interstate commerce are regulated both inclusively and exclusively by the Federal Employers' Liability Act; and, Congress having thus fully covered the subject, no room exists for state regulation, even in respect of injuries occurring without fault, as to which the federal act provides no remedy."

This court has spoken on the subject as follows: "The authorities all agree . . . that the federal law is exclusive within the scope of its operation. It ▋ is the same as though it were a part of the state law, and it supersedes and takes the place of all state statutes within its scope and field." *Grand Trunk, etc., R. Co.* v. *Thrift Trust Co.* (1918), 68 Ind. App. 198, 213, 115 N. E. 685. See also *Central Indiana Ry. Co.* v. *Mitchell* (1936), 102 Ind. App. 121, 199 N. E. 439; *Chesapeake & Ohio R. Co.* v. *Russo, Admr.* (1930), 91 Ind. App. 648, 163 N. E. 283; *Southern R. Co.* v. *Howerton, supra.*

On August 11, 1939, Congress amended the Federal Employer's Liability Act of 1908, and as it is upon this amendment that the appellee rests its defense we quote the same in full:

"Any employee of a carrier, any part of whose duties as such employee shall be the furtherance of interstate or foreign commerce; or shall, in any way directly or closely and substantially, affect such commerce as above set forth shall, for the purposes of this chapter, be considered as being employed by such carrier in such commerce and shall be considered as entitled to the benefits of this chapter. Apr. 22, 1908, c. 149, § 1, 35 Stat. 65; Aug. 11, 1939, c. 685, § 1, 53 Stat. 1404." (Title 45, § 51, 1941 U. S. C. A.)

One of the main purposes of this amendment was to eliminate the necessity of establishing that at the moment of his injury the employee was actually ▋ engaged in the movement of interstate traffic. *Lewis* v. *Industrial Acc. Com.* (1942), 19 Cal. (2d) 284, 120 P. (2d) 886. Its effect was to broaden the field in which the federal remedy is applicable and include therein all of a carrier's employees, any part of whose duties were in the furtherance of interstate com-

merce. *Copley* v. *Industrial Acc. Com.* (1942), 19 Cal. (2d) 287, 120 P. (2d) 879; *Piggue* v. *Baldwin* (1942), 154 Kan. 708, 121 P. (2d) 183; *L. & N. R. Co.* v. *Potts* (1942), 178 Tenn. 425, 158 S. W. (2d) 729.

While it is true, in the instant case, that the appellant was not engaged in interstate commerce at the time he was injured, yet a part of his duties as an employee of the appellee was the maintenance and repair of tracks used for the transportation of interstate trains. That such work constitutes employment in interstate commerce is no longer open to controversy. *New York Cent. R. R. Co.* v. *Porter, supra; Pedersen* v. *Del., Lack. & West. R. R. Co.* (1913), 229 U. S. 146, 57 L. Ed. 1125; *Chesapeake & Ohio R. Co.* v. *Russo, Admr., supra; Southern R. R. Co.* v. *Howerton, supra;* 35 Am. Jur. 865, § 448, and cases cited. Thus it would seem that the appellant is squarely within the scope of the Federal Employers' Liability Act as amended in 1939, and the Industrial Board was correct in denying jurisdiction.

The appellant, however, assails the 1939 amendment as an unconstitutional attempt by Congress to regulate intrastate commerce in violation of both Sec. 8, Art. 1, and the 10th Amendment of the Constitution of the United States and, with unquestioned sincerity and considerable force, brands it as an encroachment of the federal government upon the inherent rights of the sovereign states. With this we are in sympathy but cannot concur. In *Southern Pacific Co.* v. *Industrial Acc. Com.* (C. App. 1941), 113 P. (2d) 763, it was held that this amendment is not unconstitutional when construed as applying to an employee engaged in repairing equipment used in both interstate commerce and intrastate commerce, on the ground that the amendment as so construed in part covers intra-

state business over which Congress has no jurisdiction. In *Illinois Central R. Co.* v. *Behrens* (1914), 233 U. S. 473, 58 L. Ed. 1051, the Supreme Court of the United States said:

". . . we entertain no doubt that the liability of the carrier for injuries suffered by a member of the crew in the course of its general work was subject to regulation by Congress, whether the particular service being performed at the time of the injury, isolatedly considered, was in interstate or intrastate commerce."

By enactment of the 1939 amendment, Congress did the very thing the court in the above case said it had the power to do and, although there are relatively few cases construing said amendment, in each instance it has been held valid. *Edwards* v. *Baltimore & O. R. Co.* (1942), 131 F. (2d) 366; *Ermin* v. *Pennsylvania R. Co.* (1941), 36 Fed. Supp. 936; *Southern Pacific Co.* v. *Industrial Acc. Com., supra;* *Lewis* v. *Industrial Acc. Com., supra; L. & N. R. Co.* v. *Potts, supra.* In the Southern Pacific case the court said:

"But, the respondent argues, if the statute is to be so construed then it is unconstitutional. In that connection the respondent does not specify any word or words but relies on the effect of the entire amendment as so construed. In other words the respondent contends the amendment as so construed covers, in part, intrastate business, a subject over which the Congress has no jurisdiction. The point is not well taken. If and when interstate business is clearly a part of the subject to be legislated on, the fact that intrastate commerce may be interwoven therewith does not prevent the Congress from exercising its powers."

To like effect are all of the cases which we have found on the subject or to which we have been referred.

They are well considered, the reasoning is sound, and there is no logical justification for this court to hold otherwise.

The appellant next contends that said amendment merely extends the benefits of the Federal Employers' Liability Act to the employees of interstate carriers who were not engaged in interstate commerce at the moment of injury; that it is permissive in character and therefore does not preempt the entire field but leaves such employees free to seek the relief afforded by state law at their option. This question, however, has been decided to the contrary. In *Southern Pacific Co.* v. *Industrial Acc. Com., supra,* it was expressly held that said amendment did not have the effect of making the Federal Employers' Liability Act non-exclusive, permissive, or optional, so as to entitle an employee subject to it to bring an action under the state Workmen's Compensation Act.

Although not discussed in his brief appellant urged in oral argument that the Federal Employers' Liability Act has to do only with cases in which alleged negligence of the employer is involved. This exact question was decided to the contrary by the Supreme Court of the United States in *New York Central R. R. Co.* v. *Winfield, supra,* and *Erie R. R. Co.* v. *Winfield, supra.* The question also came before this court in the case of *Walker* v. *Chicago, etc., R. Co.* (1917), 66 Ind. App. 165, 171, 117 N. E. 969, wherein it is said of this act "that while 'it proceeds upon the principle which regards negligence as the basis of the duty to make compensation and excludes the existence of such a duty in the absence of negligence,' it is 'as comprehensive of those instances in which it excludes liability as of those in which liability is imposed. It establishes a rule or regulation which is intended to

operate uniformly in all the states, as respects interstate commerce, and in that field is both paramount and exclusive.' "

The award of the Industrial Board is not contrary to law and is therefore affirmed.

NOTE.—Reported in 49 N. E. (2d) 387.