**ROBINSON v. PENNSYLVANIA R. CO.**

Civ. A. No. 12678.

United States District Court
E. D. Pennsylvania.

Aug. 10, 1953.

Richter, Lord & Farage, Philadelphia, Pa., for plaintiff.

Philip Price, Philadelphia, Pa., for defendant.

GRIM, District Judge.

In this action under the Federal Employers' Liability Act, plaintiff, a carpenter-foreman in defendant railroad's employ, has recovered a jury verdict in the sum of $37,200 for injuries sustained on December 5, 1949, in a fall from the Wyoming Avenue bridge in Philadelphia, which the railroad was required to maintain over its tracks.

Defendant has filed (1) a motion to set aside the verdict and the judgment entered thereon and to enter judgment for the defendant and (2) a motion for a new trial.

In support of its motion for judgment in its favor defendant contends that plaintiff was not employed in interstate commerce at the time he sustained his injuries and that, therefore, he has no right of action under the Act.

Plaintiff was regularly employed as a carpenter by the railroad. As his regular employment he worked on railroad bridges over which interstate traffic was carried and also at times on public highway bridges over interstate railroad tracks of the railroad.

In the present case the plaintiff had been working on the Wyoming Avenue bridge for a period of almost two months. The railroad traffic under the Wyoming Avenue bridge was of an interstate nature. Just previous to that time he had worked on bridges over which interstate railroad traffic passed, and in working on these facilities

for interstate railroad traffic movements he was clearly engaged in the furtherance of interstate commerce.

This case, therefore, raises the question: Is a railroad carpenter engaged in the furtherance of interstate commerce within the meaning of the Federal Employers' Liability Act when his regular work consists of repairing and maintaining bridges carrying interstate traffic and other bridges carrying only intrastate traffic,[1] in a case where at the time of the injury he was engaged in repairing a bridge carrying only traffic of an intrastate nature, and where for a period of almost two months prior to the accident he had not worked on a bridge carrying traffic of an interstate nature?

Defendant contends that a railroad employee is engaged in the furtherance of interstate commerce under the Act only if his duties at the time of the accident or within a period reasonably proximate to it fall within the statute's definition of employment in interstate commerce. It contends that working on a public highway bridge over a railroad is in furtherance of the public highway traffic rather than the railroad traffic, and that it is not in furtherance of interstate commerce. It also contends that a period of almost two months is not a period reasonably proximate to employment in furtherance of interstate commerce and that, therefore, an accident at the end of that period does not come under the coverage of the Act.

■ Prior to 1939 the "moment of injury" test was applied to Federal Employers' Liability Act cases and in order to be covered a railroad employee had to show that he was employed in interstate commerce at the time of the accident. Up to 1939 the Act read as follows:

"Every common carrier * * * while engaging in commerce between * * * the * * * States * * * shall be liable in damages to any person suffering injury while he is employed by such carrier in such commerce". 35 Stat. 65.

Apparently in order to include practically all railroad employees whose work includes duties of both an interstate and an intrastate nature Congress in 1939 amended the Act and provided as follows: 53 Stat. 1404, 45 U.S.C.A. § 51—

"Any employee of a carrier, any part of whose duties as such employee shall be the furtherance of interstate or foreign commerce; or shall, in any way directly or closely and substantially, affect such commerce as above set forth shall, for the purposes of this chapter, be considered as being employed by such carrier in such commerce and shall be considered as entitled to the benefits of this chapter."

■ This amendment very much broadened the coverage of the Act. "By this Act [the 1939 amendment] the Congress broadened considerably the Federal Employers' Liability law. Before its passage the employee of the carrier was required to be engaged in duties involving actual [interstate] transportation, or his work must have been so closely related to it as to be practically a part of it. The cases are voluminous involving the question of whether certain work performed by an employee was 'practically a part of transportation'. The result was that employees of carriers did not know whether they were engaged in interstate or intrastate transportation, although the great majority of traffic moving over the railroads of this country is in interstate commerce." Albright v. Pennsylvania R. Co., 1944, 183 Md. 421, 37 A.2d 870, 872–873.

"The discussions in Congress indicate that it was the intent of the lawmakers to bring within the scope of the Federal Employers' Liability Act all employees whose work at the time of the injury was not in actual interstate transportation or a part of it, but any part of whose work was in furtherance of interstate commerce, or in any way affected such commerce directly, closely and substantially." Ermin v. Pennsylvania R. Co., D.C.E.D.N.Y.1941, 36 F. Supp. 936, 940.

1. For present purposes I am assuming, without deciding the point, that making repairs to a public highway bridge which crosses over interstate railroad tracks is not work of an interstate nature.

"One of the main purposes of this [1939] amendment was to eliminate the necessity of establishing that at the moment of his injury the employee was actually engaged in the movement of interstate traffic. * * *" Prader v. Pennsylvania R. Co., 1943, 113 Ind.App. 518, 49 N.E.2d 387, 390.

■ Perhaps there may be situations where a railroad employee, whose work includes duties of both an interstate and intrastate nature, is engaged in work of an intrastate nature for so long a period that he will lose the coverage of the Act, but the present case, in my opinion, does not involve one of these situations.

Defendant relies on the case of Hallstein v. Pennsylvania Railroad Co., 6 Cir., 1929, 30 F.2d 594. The Hallstein case, which was decided prior to the 1939 amendment, held that a railroad employee engaged in work on an overhead public highway bridge is not employed in interstate commerce under the meaning of the Act as it then was worded. The Hallstein case, however, is distinguishable from the present case on both the law and the facts. It is distinguishable on the law since the law has been changed by the 1939 amendment. It is distinguishable on the facts since it does not appear in the Hallstein case that the employee worked on both interstate and intrastate bridges. Clearly the Hallstein case does not control the present case.

Defendant's remaining contentions both in support of its motion for judgment in its favor and its motion for a new trial are also rejected.